## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

RUNBUK, INC.,

        Plaintiff,

   v.

ICE CAP ADVENTURES LTD. and
DAVID KELLY,

      Defendants.

Civil Case No.: _____

## COMPLAINT

Plaintiff Runbuk, Inc. ("Plaintiff" or "Runbuk") state the following in support of their Complaint against Defendants Ice Cap Adventures Limited ("Ice Cap Adventures") and David Kelly ("Kelly"; collectively, "Defendants"):

## NATURE OF THE CASE

1.     This is an action for trademark infringement, unfair competition, and false designation of origin arising under the Trademark Act, 15 U.S.C. §§ 1051 *et seq*., and for common law trademark infringement and unfair competition under the laws of the State of Florida.

2.     Runbuk organizes and operates long-distance marathons and other running competitions in unique locations, including at the North Pole, on Easter Island, and in Antarctica. One of Runbuk's flagship competitions is its World Marathon Challenge®, the first event to host consecutive marathons on every continent in a single week. In 2015, Runbuk's predecessor founded the World Marathon Challenge®, which Runbuk acquired in 2022 via a valid purchase and sale agreement.

3.      In connection with its acquisition of the World Marathon Challenge®, Runbuk owns the trademarks WORLD MARATHON CHALLENGE, 7 MARATHONS 7 CONTINENTS 7 DAYS, and 7 CONTINENTS 7 MARATHONS IN 7 CONSECUTIVE DAYS in connection with its services organizing and facilitating the World Marathon Challenge®.

4.      The World Marathon Challenge® also is often referred to and promoted as the "777 Challenge" within the narrow consumer base of long-distance runners who participate in or are fans of that event, making "777" a source indicator in this industry and the marathon and extreme racing community for the World Marathon Challenge®. Accordingly, Runbuk has filed an application for the "777" mark in connection with its services relating to the organization and operation of the World Marathon Challenge®.

5.      In 2023, Defendants started their own multi-continent multi-marathon race, "The Great World Race," and have been promoting this copycat event with the nearly identical wording "7 marathons 7 continents 1 week."

6.      This was not accidental; Defendant Kelly worked as a physician on previous World Marathon Challenge® races organized by Runbuk and its predecessor, and thus had actual knowledge of Runbuk's trademarks and goodwill in the marathon and extreme racing community. Kelly and Ice Cap Adventures—the outfit Kelly set up to promote his competing race—have been intentionally causing confusion with Runbuk's World Marathon Challenge® to divert customers and marathon participants, and to pass off their competing event as Runbuk's original multi-continent multi-marathon event.

7.      Defendants have also applied for the identical "777" mark in connection with the organization and operation of "The Great World Race, furthering their infringement efforts.

8.      Accordingly, Defendants are intentionally confusing consumers in an industry which has only a narrow consumer base, so that they can profit off of the goodwill associated with the World Marathon Challenge® and its trademarks. Runbuk seeks equitable and monetary relief to remedy the substantial harm it has sustained as a result of Defendants' unlawful acts.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the claims in this Complaint that relate to the Lanham Act by virtue of 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the claims arising under Florida state law, pursuant to 28 U.S.C. § 1367, because the Florida law claims are so related to the federal subject-matter claims that the form part of the same case or controversy and derive from a common nucleus of operative fact.

10.      Moreover, the parties are citizens of a state and subjects of a foreign state, and the amount in controversy in the present case exceeds $75,000.00, exclusive of interests and costs, which satisfies requirements for diversity of citizenship.

11.      Venue is proper in this District under 28 U.S.C. § 1391.

12.      Upon information and belief, venue is proper in this District because both Runbuk and Defendants' businesses operate and organize races in Miami, and Defendants have just recently organized a race in Miami taking place this week. Upon information and belief, Miami is the only city in the United States where Defendants host marathon events.

## THE PARTIES

13.      Runbuk is a corporation organized under the laws of the State of Delaware with its principal place of business located at 433 Airport Blvd Suite 415, Burlingame, California, United States 94010. Runbuk is a global running and athletics organization that creates, markets,

organizes, and produces marathons and related events in scenic and extreme locations across the world. It was founded with the belief that every person is an athlete. Guided by this founding creed, Runbuk has made it a mission to help athletes explore the world through marathon and other types of ultradistance running.

14. Upon information and belief, Defendant Ice Cap Adventures Limited is a private company formed under and in accordance with the laws of Ireland with its principal place of business located at 74 Mountain Close, Cartron View, Sligo Ireland F91Y7K3.

15. Upon information and belief, Defendant David Kelly is an individual and resident of Portugal with address at Rua Dos Lagos, 60d, 8600-281, Lagos Portugal.

16. This Court has personal jurisdiction over Defendants by virtue of, among other bases, their transacting of business in the State of Florida, including their organization of a race based in Miami (requiring permission and associated licenses from the city of Miami), their associated engagement in tortious acts within the State of Florida and elsewhere, and their overall contacts with the State of Florida; all commensurate with the United States and Florida Constitutions, so as to submit themselves to the jurisdiction and process of this Court.

17. Upon information and belief, this Court has personal jurisdiction over Defendants based on the Florida long-arm statute, Fla. Stat. § 48.193(1)(a), because Defendants operate business within Florida and have committed tortious acts within Florida, specifically in Miami, in organizing, holding, and promoting marathons in Miami using trademarks that infringe upon Runbuk's exclusive trademark rights as described herein. Additionally, like Runbuk, Defendants advertise global marathons to their consumer base of long-distance runners through their online platforms and social media, for which the only leg of the race held in the United States is in Miami.

## FACTUAL BACKGROUND

A.      **The World Marathon Challenge® & Runbuk's Trademarks**

18.      The World Marathon Challenge® (the "**WMC**") is an annual event, which first took place in 2015, in which long-distance runners take on the amazing logistical and physical challenge of running a marathon each day of a week—one on every continent. It is also known within the industry of long-distance runners and fans of extreme sports as running "777" or the "777 Challenge."

19.      The WMC is well-known amongst marathon runners for its unprecedented and unique approach to global marathon running. Professional and hobby runners from around the world participate in the WMC and it is widely recognized as the first, and for nearly ten years the only, event organized and operated to assist runners in completing consecutive marathons on all seven continents within one week.

20.      The 777 Challenge starts in Novo (Antarctica) and is followed by marathons on consecutive days in Cape Town (Africa), Perth (Australia), Dubai (Asia), Madrid (Europe), Fortaleza (South America), and Miami (North America), all conducted within 168 hours from start to finish. As of February 2025, there are only 244 people who have completed the seven marathons in the World Marathon Challenge®.

21.      The WMC was first organized and directed by Richard Donovan.

22.      Mr. Donovan applied for trademarks used in connection with the organization and servicing of the WMC between 2016 and 2019, each of which have matured to registration. These include 7 MARATHONS 7 CONTINENTS 7 DAYS (U.S. Reg. No. 7476660); 7 MARATHONS 7 CONTINENTS IN 7 CONSECUTIVE DAYS (U.S. Reg. No. 7435005); and 7

MARATHONS CLUB (U.S. Reg. No. 6583837) (collectively, the "**WMC Registered Marks**" or the "**WMC Registrations**").

23.     On December 30, 2022, Runbuk and Mr. Donovan executed a sales agreement (the "**WMC Sales Agreement**") in which Mr. Donovan transferred to Runbuk 100% ownership and all rights in the World Marathon Challenge® as well as all related trademark and domain names associated with the WMC. This agreement transferred to Runbuk all of the WMC Registrations and other intellectual property rights associated with the WMC.[1]

24.     Pursuant to the WMC Sales Agreement, Mr. Donovan informed all WMC vendors—including Defendant Kelly—that Runbuk now owned and would be operating the WMC going forward, starting with the WMC event in January 2025.

25.     On October 31, 2024, Runbuk filed a trademark application for the mark "777" (Serial No. 98830410) with a first use date of January 13, 2015 in connection with "[a]thletic and sports event services, namely, arranging, organizing, operating, and conducting marathon races; [c]onducting running races" (the "**WMC Common Law Mark**" or "**WMC Application**"). **Exhibit A** is a true and correct copy of the WMC Application.

**B.   Defendants & Their Unlawful Use of Runbuk's Trademarks**

26.     Defendant Kelly worked as a doctor and contractor for the WMC starting as early as 2017.

27.     On October 8, 2021, Kelly filed papers to incorporate "Mckel Sports Limited," the predecessor to Ice Cap Adventures, Ltd. Kelly then filed a certificate of incorporation and

---

[1] The transaction also included rights in other marathon and extreme running events not relevant here.  Runbuk and Mr. Donovan are involved in a contract lawsuit in San Mateo County (California) Superior Court.  But that lawsuit is not related to this dispute, and Mr. Donovan avers in his first amended San Mateo County complaint (¶ 26) that "The Great World Race[] is an event solely organized and owned by Mr. Kelly, not Mr. Donovan."

change of name on April 26, 2023 in Dublin, Ireland, to rename Mckel Sports Limited to Ice Cap Adventures, Ltd.

28.     In 2023, Kelly began promoting a new, competing event called "The Great World Race" ("**TGWR**"). TGWR was founded on the same general concept as WMC, namely the organization and facilitation of an annual event in which, weather permitting, participants would run one marathon on each of the seven continents within seven consecutive days.

29.     However, Kelly did not set out to compete with the WMC fairly. Rather, he leveraged his time, experience and prior affiliation with the WMC organization to attract, divert, and confuse customers in a narrow market—intending to interfere with Runbuk's acquisition and succession of the WMC business, step into Runbuk's shoes, and pass off Defendants' TGWR event as Runbuk's World Marathon Challenge® (and to divert WMC runners to become runners of TGWR).

30.     On information and belief, Kelly set out to do this by advertising TGWR with almost the same phrase long associated with WMC: while Runbuk owns the mark 7 MARATHONS 7 CONTINENTS 7 DAYS in connection with the WMC, TGWR advertised its competing race as "7 marathons 7 continents 1 week." Like Runbuk's trademark, Defendants' mark is unpunctuated and uses nearly the exact same words and cadences to convey the same ideas in the same order and in the same manner.

31.     Additionally, TGWR is run in the same order of continents and in many of the same cities as WMC. In 2024, TGWR began in Antarctica and was followed by marathons on consecutive days in Africa, Australia, Europe and Asia, South America, and North America; in 2025, TGWR began in Antarctica and was followed by marathons on consecutive days in Africa, Australia, Asia, Europe, South America, and North America. In 2024, TGWR shared four of

seven locations with the WMC[2]; in 2025, it shared three of seven locations.[3] On information and belief, to obtain the proper approvals for TGWR, Kelly leveraged relationships with city officials and experience obtaining the appropriate permits he formed and learned while he was employed by WMC.

32.     On information and belief, Kelly knew that the relevant consuming public for his new competing event had come to recognize and associate Runbuk's marks with the WMC, but Kelly personally directed and oversaw a scheme whereby Defendants would intentionally use Runbuk's WMC Registered Marks to create confusion and divert Runbuk's consumers from the WMC to TGWR, misleading them by passing off TGWR as WMC's successor.

33.     Upon learning of Defendants' wrongful acts, Runbuk requested that Defendants cease their use via email correspondence to Defendant Kelly but were met with no response.

34.     On September 26, 2024, Kelly even applied for the "777" trademark (Serial No. 98772734) in connection with "organizing, arranging, and conducting marathon, running, triathlon, duathlon, and athletic competition events" on an intent to use basis. This was done despite his knowledge of Runbuk's identical WMC Common Law Mark.

35.     On May 12, 2025, the USPTO suspended Runbuk's properly filed (and earlier used) "777" trademark application due to Kelly's trademark application for the same exact trademark for the same services, based on the latter's earlier filing date.  This was despite Runbuk's first use date of January 13, 2015, and Kelly filing on an intent-to-use basis. On June 3, 2025, Runbuk filed an opposition proceeding (Opp. No. 91299432) against Kelly's 777 trademark application.

---

[2] Novo (Antarctica), Cape Town (Africa), Perth (Australia), and Miami (North America).
[3] Cape Town (Africa), Perth (Australia), and Miami (North America).

36.     Defendants also created a website for TGWR which boasts the mark "7 marathons 7 continents 1 week" and variations thereof, throughout the webpages. **Exhibit B** is a true and correct copy of Defendants' website, located at <thegreatworldrace.com>.



37.     Defendants further posted to social media advertising their 2024 race using the mark "7 marathons 7 continents 1 week." Upon information and belief, the comment left by L Ligon Sauls below that social media post also demonstrates confusion as the race held in February 3, 2024 was TGWR's first race, but the comment states that Sauls' friend ran that same race earlier that year, which has to refer to the WMC as this was before TGWR's first race. **Exhibit C**, reproduced below, is a true and correct copy of the social media post featuring the mark:



38.     Defendants have also been using "7 marathons 7 continents 1 week" on their physical banners and finish line decorations in the same exact way that Runbuk uses 7 MARATHONS 7 CONTINENTS 7 DAYS on its banners and decorations, furthering confusion. **Exhibit D**, reproduced below, is side by side comparison of Runbuk's use of its mark and Defendants' use:







**Defendants' TGWR Finish Line Banner**        **Runbuk's WMC Finish Line Banner**

39.      Defendants have also posted to their Instagram account for TGWR, superimposed

on an image of the above referenced "7 marathons 7 continents 1 week" branded on the finish

line banner, the phrase "777 Challenge" which the narrow consumer base for marathons

associates with Runbuk's WMC. This association is displayed by a comment made underneath

this social media post in which a user stated, "this is the exact same thing as

@worldmarathonchallenge777." **Exhibit E**, reproduced below, is a true and correct copy of this

social media post and comment:



40.     Defendants have further perpetuated misuse and infringement of the WMC Registered Marks by reposting to TGWR Instagram <@thegreatworldrace> stories posted by participants who refer to and associate TGWR with 7 MARATHONS 7 CONTINENTS 7 DAYS, which is blatant infringement of the Runbuk's WMC Registered Marks. **Exhibit F**, reproduced below, are copies of examples of Defendants' reposts encouraging infringement, of which the bottom right image was screenshotted on November 18, 2025, demonstrating that Defendants have been encouraging infringement to date:









41.     Moreover, on information and belief, and as a result of Defendants' knowing and intentional use of "7 marathons 7 continents 1 week," together with their leveraging of Kelly's prior connection to the WMC to build TGWR, there have been numerous instances of actual confusion created by Kelly's use of trademarks substantially similar to Runbuk's WMC Registered Marks.  These include but are not limited to vendors confusing Kelly's TGWR for Runbuk's WMC, vendors being misled into thinking TGWR is affiliated with or the predecessor of or successor to Runbuk's WMC, participants posting on social media that they completed the WMC when they had actually completed the competing TGWR, news channels reporting on TGWR but using Runbuk's WMC Registered Marks in connection, and social media influencers promoting TGWR by intentionally using Runbuk's WMC Registered Marks at the behest and encouragement of Defendants, while sometimes inadvertently referring to WMC in the process.

42.     For example, participants have posted to Facebook concerning the "global world race," referring to TGWR, but use Runbuk's 7 DAYS 7 MARATHONS 7 CONTINENTS mark on the same post—demonstrating and perpetuating the confusion that Defendants seek to create. **Exhibit G**, reproduced below, is a true and correct copy of a social media post showing such confusion:





43.     Additionally, supporters of participants have posted videos to social media showing TGWR products but tagging Runbuk's social media account for WMC and mistakenly using Runbuk's 7 MARATHONS 7 CONTINENTS 7 DAYS mark in connection with TGWR.

**Exhibit H**, reproduced below, is a true and correct copy of a social media post showing such confusion:



44.     Although Runbuk has contacted various vendors, participants, reporters, and social media influencers to correct their usage of Runbuk's WMC Registered Marks in connection with TGWR, the instances of actual confusion have become so prevalent that it has become difficult for Runbuk to address each instance of confusion.

45.     Additionally, these vendors, participants, reports, and influencers are often so confused by TGWR's use of Runbuk's WMC Registered Marks that they falsely designate TGWR as the source of the original 777 Challenge and don't believe or intentionally do not heed Runbuk's cease and desist communications.

46.     Runbuk has no other option but to file the instant lawsuit to assert its rights against Defendants to prevent their ongoing conduct from causing further confusion.

## COUNT I
### (Trademark Infringement under 15 U.S.C. § 1114)

47.     Runbuk repeats and realleges paragraphs 1 through 45 of this Complaint as if fully set forth herein.

48.     Runbuk is the exclusive owner of all rights, title, and interest in the WMC Registered Marks, as described above, including but not limited to the WMC Registrations, i.e., 7 MARATHONS 7 CONTINENTS 7 DAYS (U.S. Reg. No. 7435005); 7 MARATHONS 7 CONTINENTS 7 CONSECUTIVE DAYS (U.S. Reg. No. 7476660); and 7 MARATHONS CLUB (U.S. Reg. No. 7476660).

49.     Runbuk has built up valuable goodwill in the WMC Registered Marks through its exclusive use of the marks for many years.

50.     Defendants use and have used, with full knowledge of Runbuk's prior trademark rights and without authorization from Runbuk, trademarks substantially similar or identical to Runbuk's WMC Registered Marks to advertise, promote, sell, and offer to sell spots in its once-yearly multi-continent marathon event, TGWR, which is nearly identical to WMC.

51.     Specifically, Defendants have used "7 marathons 7 continents 1 week" and "7 marathons 7 continents one week" in connection with TGWR and has encouraged influencers to promote TGWR in connection with these trademarks that are substantially similar to Runbuk's 7 MARATHONS 7 CONTINENTS 7 DAYS and 7 MARATHONS 7 CONTINENTS 7 CONSECUTIVE DAYS.

52.     Defendants' use of the WMC Registered Marks without Runbuk's permission has caused confusion and is likely to cause confusion, mistake, or deception. Defendants are therefore liable to Runbuk for trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

53.     Defendants' use of the WMC Registered Marks is knowing and willful and with the intention to trade off of the goodwill established by Runbuk in its WMC Registered Marks.

54.     Upon information and belief, Defendants derived unlawful gains and profits from their infringing use of trademarks substantially similar to 7 MARATHONS 7 CONTINENTS 7 DAYS and 7 MARATHONS 7 CONTINENTS IN 7 CONSECUTIVE DAYS.

55.     Runbuk has suffered and continues to suffer irreparable injury for which it has no adequate remedy at law. Runbuk is therefore entitled to a permanent injunction against further infringing conduct by Defendants. Runbuk is further entitled to damages for Defendants' infringement.

## <u>COUNT II</u>
**(False Designation of Origin & Federal Unfair Competition under 15 U.S.C. § 1125)**

56.     Runbuk repeats and realleges paragraphs 1 through 45 of the Complaint as though fully set forth herein.

57.     Runbuk's WMC Registered Marks, namely 7 MARATHONS 7 CONTINENTS 7 DAYS, 7 MARATHONS 7 CONTINENTS 7 CONSECUTIVE DAYS, 7 MARATHONS CLUB, and WMC Common Law Mark, namely 777, (collectively, the "**WMC Marks**") are source indicators of the World Marathon Challenge®, which is recognized by consumers in the long-distance running industry for its iconic status as the first of its kind and for its high-quality annual worldwide race.

58.     Defendants provide and promote identical services to an identical class of consumers as Runbuk in the same areas and channels of trade to a global class of consumers, including those domiciled within the United States.

59.     Just like Runbuk's promotions and organization of the WMC, Defendants promote TGWR online and gather participants from across the nation and from various countries. Therefore, their improper use of the WMC Marks, and those substantially similar to the WMC Marks constitutes use in interstate commerce.

60.     Defendants' use of 7 MARATHONS 7 CONTINENTS 1 WEEK; 7 MARATHONS 7 CONTINENTS ONE WEEK; and 777 is confusingly similar to Runbuk's WMC Marks and has the effect of falsely associating Defendants with Runbuk's services and WMC Marks, and falsely identifies Defendants as the source, origin, or sponsor of Runbuk's services. This false association and false designation of origin entitles Runbuk to relief under 15 U.S.C. § 1125(a).

61.     There have been instances of actual confusion caused by Defendants' use of the WMC Marks and marks substantially similar to the WMC Marks.

62.     Runbuk has been damaged by Defendants' conduct as described herein.

63.     Unless enjoined, Defendants' behavior will continue to cause harm to Runbuk, and Runbuk will continue to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Runbuk is entitled to injunctive relief. Runbuk is further entitled to damages for such false designation of origin and unfair competition.

## COUNT III
### (Common Law Trademark Infringement)

64.     Runbuk repeats and realleges paragraphs 1 through 45 of the Complaint as though fully set forth herein.

65.     Defendants' conduct as described above constitutes common law trademark infringement and passing off in violation of the common law of the state of Florida.

66.     Defendants' acts of trademark infringement constitute intentional misconduct and/or gross negligence within the meaning of Fla. Stat. § 768.72(a)-(b), entitling Runbuk to both compensatory damages in an amount to be determined at trial, but in no event less than $75,000, and punitive damages under the common law, and under Fla. Stat. § 768.72.

67.     Specifically, Defendants intentionally built TGWR to capitalize off the goodwill Runbuk has built and maintained around the WMC Registered Marks by using infringing marks, including but not limited to "7 marathons 7 continents 1 week," to fabricate a false association between Defendants' TGWR and Runbuk's WMC.

68.     For example, as described above, Defendants encouraged confusion by reposting stories to Instagram containing infringing marks and/or improper and unauthorized uses of WMC Registered Marks to promote TGWR.

69.     Runbuk does not have an adequate remedy at law and will continue to be damaged by Defendants' actions unless this Court enjoins Defendants from such business practices.

## <u>COUNT IV</u>
### (Common Law Unfair Competition)

70.     Runbuk repeats and realleges paragraphs 1 through 45 of the Complaint as though fully set forth herein.

71.     Runbuk possesses goodwill associated with its WMC Registered Marks constituting a commercial advantage that is protected from misappropriation under Florida unfair competition law.

72.     Defendants' conduct constitutes a bad faith attempt to misappropriate and trade on the goodwill which Runbuk has acquired and fostered, all to the damage of Runbuk, in violation of the common law of the state of Florida.

73.     Defendants' conduct is likely to (and has actually caused) confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendants and their TGWR is affiliated with, related to, sponsored by, or connected with Runbuk and its WMC.

74.     As a result of Defendants' conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Runbuk.

75.     Runbuk has no adequate remedy at law.

**COUNT V**
**(Unjust Enrichment)**

76.     Runbuk repeats and realleges paragraphs 1 through 45 of the Complaint as though fully set forth herein.

77.     As a result of the unlawful activities as described herein, Defendants have received significant benefits which include, but are not limited, profits received from the sale of spots in TGWR based off of their false association with WMC created by Defendants' use of Runbuk's WMC Registered Marks and the goodwill associated with WMC. This money would otherwise have gone to Runbuk but for Defendants' unlawful activities.

78.     The amount that Defendants have unlawfully received will be proven at the time of trial and amounts to at least all profits derived from that conduct. Defendants cannot justly retain these profits and benefits and therefore have been unjustly enriched in an amount to be proven at the time of trial.

79.     Here, since Defendants have knowingly obtained this benefit from Runbuk, it would be inequitable for Defendants to retain the benefits without paying for them.

**COUNT VI**
**(Declaratory Judgment for Legal Ownership of 777 Trademark & Invalidity of Defendants' 777 Application Serial No. 98772734)**

80.     Runbuk repeats and realleges paragraphs 1 through 45 of the Complaint as though fully set forth herein.

81.     At the time Defendants attempted to register the 777 trademark in its name, Defendants were fully aware of Runbuk's prior use and common law rights to the 777 trademark in the United States.

82.     Defendants attempted to register the trademark for the purpose of commercial gain and intended to tarnish and disparage Runbuk's trademark rights in the 777 trademark. In addition, Defendants intended to create a likelihood of confusion as to the source, sponsorship, affiliation, and/or endorsement of the mark.

83.     Defendants' use of the 777 mark is intended to create a likelihood of confusion as to the source, sponsorship, affiliation, and/or endorsement of the mark.

84.     Defendants use of the 777 mark and attempt to register the 777 mark have prevented Runbuk from unfettered use of its own property.

85.     Runbuk requests declaratory judgment that (1) it legally owns the 777 trademark in connection with the services in application Serial No. 98830410 and (2) Defendants' 777 trademark application is invalid due to lack of priority and likelihood of confusion with Runbuk's valid 777 trademark.

86.     A declaratory judgment is warranted as an actual controversy has been raised by virtue of the opposing positions of the parties respecting the aforementioned allegations and by

virtue of Runbuk's past and continued suffering of irreparable harm to its sales and reputation due to the unlawful actions of Defendants. A judicial declaration is necessary in order that each may ascertain its rights.

## COUNT VII
**(Declaratory Judgment for Invalidity of Defendants' AROUND THE WORLD IN 7 DAYS Application U.S. Serial No. 98117019)**

87.     Runbuk repeats and realleges paragraphs 1 through 45 of the Complaint as though fully set forth herein.

88.     At the time Defendants attempted to register the AROUND THE WORLD IN 7 DAYS trademark, Defendants were fully aware of Runbuk's prior use and rights to the WMC Registered Marks and incontestable trademark WORLD MARATHON CHALLENGE (U.S. Reg. No. 5707683) in the United States.

89.     Defendants attempted to register AROUND THE WORLD IN 7 DAYS for the purpose of commercial gain and intended to tarnish and disparage Runbuk's trademark rights in the WMC Registered Marks and in WORLD MARATHON CHALLENGE. In addition, Defendants intended to create a likelihood of confusion as to the source, sponsorship, affiliation, and/or endorsement of the mark.

90.     Runbuk requests declaratory judgment that Defendants' AROUND THE WORLD IN 7 DAYS trademark application is invalid as being merely descriptive, misrepresenting the source of TGWR, falsely suggesting a connection with Runbuk and its WMC, lack of priority, and likelihood of confusion.

91.     Since at least 2015, Runbuk's WMC has been widely referred to by the marketplace, media, and participants as "around the world in 7 days" in connection with marathon events. From 2015 through the present (2025), the phrase "around the world in 7 days" has been used consistently by news outlets, industry press, and event participants as shorthand to

describe Runbuk's unique 7 (marathons) 7 (continents) 7 (days) event and WMC. Defendants' adoption and application for AROUND THE WORLD IN 7 DAYS nearly ten years later is a deliberate effort to appropriate this established marketplace association and misrepresent that his competing event emanates from or is affiliated with Runbuk.

92.     Defendants' selection of AROUND THE WORLD IN 7 DAYS is not coincidental. Instead, Defendants deliberately adopted the identical phrase long associated with Defendants to misrepresent that their competing event originates from, or is affiliated with, Runbuk. Defendants' actions constitute misrepresentation of source within the meaning of Section 14(3) of the Lanham Act, as they reflect deliberate passing off and attempts to trade on the goodwill and reputation that Runbuk has built over nearly a decade. Defendants' actions show that their use, or intention to use, AROUND THE WORLD IN 7 DAYS is calculated to trade on the goodwill and reputation of Runbuk. Defendants' registration of AROUND THE WORLD IN 7 DAYS would further mislead the public and cause irreparable harm to Runbuk by depriving it of control over a phrase already uniquely associated with its event.

93.     Additionally, AROUND THE WORLD IN 7 DAYS is a phrase that is associated with Runbuk's WMC Registered Marks, WORLD MARATHON CHALLENGE, and the WMC event in general. Defendants' mark is the same as, or a close approximation of, Runbuk's WMC Registered Marks. Defendants' use of AROUND THE WORLD IN 7 DAYS would be recognized as pointing uniquely and unmistakably to Runbuk and WMC despite Defendants' lack of affiliation with Runbuk or WMC. The fame or reputation of Runbuk is of such a nature that a connection with the WORLD MARATHON CHALLENGE and/or 7 MARATHONS 7 CONTINENTS 7 DAYS would be presumed when Defendants' mark is used in connection with

its goods/services. The foregoing demonstrates that Defendants' application that is presently contested herein creates a false suggestion of a connection with Runbuk.

94.    Further, Defendants' applied for mark creates the same commercial impression as the WMC Registered Marks and WORLD MARATHON CHALLENGE. Runbuk's rights in and to its marks are superior to those of the Defendants in their applied mark. Runbuk has priority of use. Defendants' applied mark so resembles Runbuk's trademarks, and/or creates the same commercial impression, as to be likely to cause confusion. Upon information and belief, the goods/services sold in connection with the Runbuk's WMC Registered Marks and WORLD MARATHON CHALLENGE and the Defendants' applied mark are intended to be directed to identical or similar classes of purchasers and to be distributed through the same or similar channels of trade in the United States. Therefore, Runbuk will be damaged by Defendants' registration of AROUND THE WORLD IN 7 DAYS because Runbuk's trademarks so resemble that mark as to be likely, when used on or in connection with the goods/services identified in Application Serial No. 98117019, to cause confusion, mistake or to deceive consumers, with consequent injury to Runbuk and to the public, in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

95.    A declaratory judgment is warranted as an actual controversy has been raised by virtue of the opposing positions of the parties respecting the aforementioned allegations and by virtue of Runbuk's past and continued suffering of irreparable harm to its sales and reputation due to the unlawful actions of Defendants. A judicial declaration is necessary in order that each may ascertain its rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Runbuk demands judgment as follows:

A.      Preliminarily and permanently restraining and enjoining Defendants and all persons in active concert and participation with Defendants, from:

1.   Using in any manner Runbuk's trademarks, alone or in combination with any word or words which so resemble the said trademarks as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any services not Runbuk's, or not authorized by Runbuk to be sold in connection with Runbuk's trademarks. This includes any of Defendant's use of 7 MARATHONS 7 CONTINENTS 7 DAYS and 777, or any variations thereof, including the substantially similar 7 MARATHONS 7 CONTINENTS 1 WEEK.

2.   Committing any acts calculated to cause purchasers to believe that Defendants' services are offered in connection with Runbuk and WMC, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Runbuk.

3.   Otherwise competing unfairly with Runbuk in any manner.

B.      That Defendants take down and destroy any signage or structures at its TGWR events that are confusingly similar to the WMC Registered Marks and WMC Common Law Mark.

C.      Awarding Runbuk damages, costs, attorneys' fees, and an accounting of Defendants' profits attributable to Defendants' unauthorized use of Runbuk's WMC Registered Marks and WMC Common Law Mark.

D.      Declare that (1) Runbuk legally owns the 777 trademark in connection with the services in application Serial No. 98830410 and (2) Defendants' 777 trademark application is invalid due to lack of priority and likelihood of confusion with Runbuk's valid 777 trademark.

     E.     Declare that Defendants' AROUND THE WORLD IN 7 DAYS trademark application is invalid for the foregoing reasons.

     F.     Granting Runbuk any other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial on all issues triable by a jury.

Dated: November 20, 2025          Respectfully submitted,

           _/s/ James E. Gillenwater_
          James E. Gillenwater (SBN 1013518)
          GREENBERG TRAURIG LLP
          333 SE 2nd Avenue, Suite 4400
          Miami, FL  33131
          Tel: (305) 579-0767
          gillenwaterj@gtlaw.com

          David Bloch*
          GREENBERG TRAURIG LLP
          101 2nd St, San Francisco, CA 94105
          Tel: (415) 655-1300
          david.bloch@gtlaw.com

          Barry Horwitz*
          Katherine Cronin*
          Michelle Kim*
          GREENBERG TRAURIG LLP
          360 N Green St, Chicago, IL 60607
          Tel: (312) 456-8400
          barry.horwitz@gtlaw.com
          croninik@gtlaw.com
          michelle.kim@gtlaw.com

          *pro hac vice application to be filed

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 20, 2025, the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to counsel of record.

*/s/ James E. Gillenwater*